IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTY FRENCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-511-GPM |
| ) | |
| STL DISTRIBUTION SERVICES, LLC, ) | |
| and AARON SEWARD, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction."); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citation omitted). Plaintiff Christy French brings this suit alleging claims for employment discrimination against Defendants STL Distribution Services, LLC ("STL"), and Aaron Seward. The case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and has been removed to this Court by STL and Seward pursuant to 28 U.S.C. § 1441. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Having reviewed sua sponte the notice of removal in this case, the Court discerns a flaw in Defendants' pleading of jurisdictional facts.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that an amount in excess of $75,000, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993); *Eyster v. Shade Tree Serv. Co.*, Civil No. 10-466-GPM, 2010 WL 2639680, at *1 (S.D. Ill. June 29, 2010).  In this instance STL and Seward, as the removing parties, have the burden of proof as to the existence of federal jurisdiction.  *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Misiak v. Farmer*, Civil No. 10-133-GPM, 2010 WL 685895, at *1 (S.D. Ill. Feb. 23, 2010).

In this instance the notice of removal alleges properly that French is a citizen of Illinois and that Seward is a citizen of Missouri.  Also, it appears that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, given that French pleads for damages in excess of $50,000 and seeks compensatory damages, punitive damages, and attorney's fees, all of which are available on her employment discrimination claims under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*.  *See* 775 ILCS 5/10-102(C)(1)-(2).[1]  Here, assuming that French's actual damages are, as she claims, at least $50,000, an award of punitive damages in an

---

1.  The Court is not concerned with the damages available as to French's common-law claims, given that, as Defendants point out, for the most part these claims likely are preempted by the IHRA. *See Bannon v. University of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007); *Mein v. Masonite Corp.*, 485 N.E.2d 312, 315 (Ill. 1985).

amount equal to or even substantially less than her compensatory damages would bring the amount in controversy in this case above the jurisdictional threshold sum for diversity purposes. *See Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (an award of punitive damages in a ratio of two to three times a plaintiff's actual damages may properly be reckoned into the jurisdictional amount for purposes of federal diversity jurisdiction). *Cf. Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 895-96 (7th Cir. 2003) (the jurisdictional amount in controversy was not satisfied by a hypothetical award of punitive damages in a ratio of 29 to 1 to actual damages); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979-80 (7th Cir. 2000) (the jurisdictional amount was not satisfied by a hypothetical award of punitive damages in a ratio of 125 to 1 to actual damages that "border[ed] on the farcical").

Unfortunately, STL fails properly to allege its own citizenship for purposes of federal diversity jurisdiction. In support of the notice of removal in this case STL has furnished an affidavit of Tom Livingston, STL's Operations Director, attesting that STL is organized under Delaware law and maintains its principal place of business in Missouri. This information would establish STL's citizenship for diversity purposes if STL were a corporation, given that under 28 U.S.C. § 1332 a corporation is deemed to be a citizen both of the state where it is incorporated and the state where it maintains its principal place of business, the latter being the state where the corporation has its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). However, STL is not a corporation but a limited liability company ("LLC"). The citizenship of an LLC for purposes of federal diversity jurisdiction is determined by the citizenship of each of the LLC's members. *See Thomas v.*

*Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *1 & n.1 (S.D. Ill. June 29, 2009); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040-41 (S.D. Ill. 2006). Accordingly, STL and Seward must amend their notice of removal to allege the citizenship of each of the members of STL.[2]

To conclude, STL and Seward are **ORDERED** to file an amended notice of removal that properly alleges the state citizenship of STL for purposes of federal diversity jurisdiction not later than 12:00 noon on Friday, August 13, 2010. The Court reminds STL and Seward that the jurisdictional facts contained in their amended notice of removal must be alleged not on the basis of "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006). Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *O'Neill v. Pointer*,

---

2. The Court can judicially notice the records of corporations and LLCs maintained by the Illinois Secretary of State at http://www.cyberdriveillinois.com/departments/business_services/corp.html. *See Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002); *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *2 n.4 (S.D. Ill. Aug. 24, 2009); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006). According to the Illinois Secretary of State's online records, the sole member of STL is Pulitzer, Inc., a corporation incorporated under Delaware law that appears to have its principal place of business in Iowa. If so, STL is a citizen of Delaware and Iowa for diversity purposes.

Civil No. 09-704-GPM, 2009 WL 3575267, at *1, *3 (S.D. Ill. Oct. 26, 2009); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768- GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

**IT IS SO ORDERED.**

DATED: July 28, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge