IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTY FRENCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 10-511-GPM |
| ) | |
| **STL DISTRIBUTION SERVICES, LLC** ) | Consolidated with Civil No. 10-660-GPM |
| **and AARRON SEWARD,** ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **DAWN LIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **STL DISTRIBUTION SERVICES, LLC,** ) | |
| **AARON SEWARD, and ZACHARY** ) | |
| **HEDGES,** ) | |
| ) | |
| **Defendants.** ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Defendants move to dismiss Plaintiffs' negligent retention, negligent supervision, and intentional infliction of emotional distress claims on the basis that those claims are preempted by the Illinois Human Rights Act (IHRA). 775 ILCS 5/1-101 *et seq.* Because Plaintiffs' state law tort claims have legal bases that are independent from legal duties arising under the IHRA, Defendants' motions to dismiss are DENIED.

**BACKGROUND**

Plaintiff Christy French's Complaint against Defendants STL Distribution Services, LLC, and Aaron Seward was removed to this Court on July 14, 2010. French claims a violation of the IHRA, retaliation, negligent retention, negligent supervision, assault, battery, and intentional infliction of emotional distress (IIED). Plaintiff Dawn Light's Complaint against Defendants STL Distribution Services, LLC, Aaron Seward, and Zachary Hedges alleges a violation of the IHRA, retaliation, negligent retention, negligent supervision, IIED, assault, and battery. French's and Light's Complaints were consolidated on November 3, 2010. (Doc. 38). Plaintiff French's case, number 10-511-GPM is now the lead case. Prior to consolidation, Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). These motions (Doc. 5, 10-511; Doc. 11, 10-660) raise identical issues of IHRA preemption on each Plaintiff's negligent retention, negligent supervision, and IIED claims, and will thus be analyzed together.

**ANALYSIS**

On a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must determine whether Plaintiffs have pled facts sufficient to establish "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Towmbly,* 550 U.S. 544, 570 (2007). Under *Iqbal,* "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id., citing Twombly,* 550 U.S. at 556. Further, other than unsupported legal conclusions, "a court must accept as true all of the allegations contained in a complaint." *Iqbal,* 129 S.Ct. At 1949. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, not the merits of a claim. *See Triad Assoc., Inc. v. Chicago Hous. Authl,* 892 F.2d 583, 586 (7th Cir. 1989). Here, in order to survive this motion to dismiss, Plaintiffs must allege claims that are not preempted by Illinois law.

Preemption may be proper ground for a dismissal pursuant to Rule 12(b)(6). *See Green v. Charter One Bank, N.A.,* No. 08-C-1684, 2010 WL 1031907, at *1 (N.D. Ill. March 16, 2010), *citing Currie v. Diamond Mortgage Corp. Of Ill.,* 859 F.2d 1538, 1542 (7th Cir. 1988). The Seventh Circuit has succinctly stated when state law tort claims, such as Plaintiffs' negligent retention, negligent supervision, and IIED claims, are preempted by the IHRA:

> Whether a state-law tort claim is preempted depends on whether the IHRA furnishes the legal duty that the defendant was alleged to have breached. If the plaintiff's allegations against the defendant implicate *only* a duty provided by the IHRA, such as the duty of employers to refrain from discriminating against employees on the basis of their race or national origin, then the plaintiff's claim is preempted.

*Bannon et al. v. University of Chicago,* 503 F.3d 623, 630 (7th Cir. 2007) (emphasis added) (citations and quotations omitted). In *Naeem v. McKesson Drug Company,* the Seventh Circuit considered whether an IIED claim was preempted by an IHRA sexual harassment suit. 444 F.3d 593, 604 (7th Cir. 2006). Per the *Naeem* Court, the proper inquiry is whether a plaintiff can prove the elements of her state law claim "independent of legal duties furnished by the IHRA," *not* whether the *facts* that support the tort claim "could also have supported a discrimination claim." 503 F.3d at 604. "[I]f the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it." *Id., quoting Krocka v. City of Chicago,* 203 F.3d 507, 516-17 (7th Cir. 2000). Following the rationale of *Naeem* and *Bannon,* the proper inquiry here is whether or not there is an independent basis for Plaintiffs' state law claims, apart from the legal duties created by the IHRA.[1]

---

[1] *Naeem* and *Bannon* postdate the Illinois Supreme Court decision in *Geise v. The Phoenix Co. Of Chicago, Inc.,* which Defendants cite in their motions to dismiss. 639 N.E.2d 1273 (Ill. 1994). In *Geise,* the plaintiff "dressed her claims" of sexual harassment as negligent retention, but the IHRA was the sole basis of the legal duty that the defendant was alleged to have breached. *See Maksimovic v. Tsogalis,* 687 N.E.2d 21, 23 (Ill. 1997) (limiting an overbroad interpretation of *Geise*).

Here, Plaintiffs' allegations of negligent retention, negligent supervision, and IIED have bases that do not solely rely on the legal duties created by the IHRA. Therefore, Defendants' motions to dismiss are denied.

Plaintiffs' Negligent Retention Claim

The elements of an Illinois claim for negligent retention are "(1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's … retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne v. Muller,* 705 N.E.2d 898, 904 (Ill. 1998). Proof of these elements is not necessarily inextricably linked to a civil rights violation under the IHRA. *See Naeem* 444 F.3d at 602. Plaintiff French alleges that Defendant STL Distribution knew or should have known that an alleged pattern of sexual harassment, assault, and battery by Defendant Aaron Seward resulted in sexual harassment, assault, battery, emotional distress, lost wages, and medical expenses (Doc. 2-1 at 6-7).

"Sexual harassment" under the IHRA is defined as:

> [A]ny unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

775 ILCS 5/2-101(E). That the facts alleged in the IHRA claim may be duplicative of facts alleged for the negligent retention claim is not dispositive. *See Naeem,* 503 F.3d at 604. Further, French alleges that Seward's "unfitness" was based on assault and battery in addition to sexual harassment. These allegations, in no way related to "sexual harassment" as defined in the IHRA, are sufficient to establish a plausible claim of negligent retention that is not preempted. Plaintiff Light's claims of negligent

retention also allege unfitness based on assault and battery, and are likewise not preempted. The Court is not concluding that Plaintiffs' negligent retention claims based on Defendants' alleged sexual harassment are preempted. The Court merely concludes that the complaints allege facts sufficient to defeat Defendants' motion to dismiss for preemption.

### Plaintiffs' Negligent Supervision Claims

An Illinois claim for negligent supervision requires Plaintiffs to show that the Defendant had a duty to supervise its employees, that the Defendant negligently supervised its employees, and that "such negligence proximately caused plaintiff's injuries." *Mueller v. Community Consolidated School District 54, et al.,* 678 N.E.2d 660, 664 (Ill. App. Ct. 1997). Plaintiff French's claim of negligent supervision alleges all the elements listed above (Doc. 2-1 at 8-9). French's allegation that Defendant negligently supervised its employee, Defendant Seward, does reference sexual harassment and a hostile work environment. However, French alleges that Defendant was negligent "in one or more" of those noted ways. Given this inclusive language and French's reference in this claim to alleged activity by Defendants that may not fall within the IHRA definition of "sexual harassment," the Court finds that Plaintiff French's claim for negligent supervision in not inextricably linked to the legal duties arising under the IHRA's prohibition on "sexual harassment."[2]

Likewise, Plaintiff Light's negligent supervision claim incorporates allegations that, as plead, are beyond the scope of the legal duties arising under the IHRA. Specifically, Light claims that both Defendant Seward and Defendant Hedges "sought to degrade, belittle and humiliate plaintiff in front

---

[2] Plaintiff French alleges that Defendant Seward told her "he had guns and he could just shoot someone and not give a fuck" (Doc. 2-1 at 2). French also alleges that Defendant Seward "sought to degrade, belittle and humiliate plaintiff…by insulting and belittling the plaintiff and continuously demeaning her actions in front of other employees" (Doc. 2-1 at 3). These allegations, incorporated in all of Plaintiff French's state tort claims are sufficiently independent of "sexual harassment" under the IHRA to survive this motion for preemption.

of other STL Distribution Services, LLC, employees by insulting and belittling the plaintiff and continuously demeaning her actions in front of other employees" (Doc. 2-2 at 4, 10-660-GPM).[3] Light's claims of negligent supervision also allege that Defendant STL Distribution Services' negligent activity was accomplished in "one or more" ways. As with Plaintiffs' negligent retention claims, the negligent supervision claims allege activity that would be actionable independent of the IHRA. *See Maksimovic v. Tsogalis et al,* 687 N.E.2d 21, 23 (Ill. 1997). To survive this motion, Plaintiff need only plead facts that, on their face, allow the Court to infer that Defendant negligently supervised its employees in a way that violates some legal duty *other than* a legal duty arising under the IHRA. Plaintiffs' claims meets that standard.

<u>Plaintiffs' Claims for Intentional Infliction of Emotional Distress</u>

To state a claim for IIED, Plaintiffs must allege that: "(1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress, and (3) the defendant's conduct did cause severe emotional distress." *Naeem,* 444 F.3d at 605. In *Naeem,* the Seventh Circuit found the plaintiff's claim for IIED was not preempted by the IHRA because "[t]he conduct that she alleges is not just sexually harassing conduct." *Id.* Here, Plaintiffs' claims of IIED incorporate all their factual allegations including continuous belittling, insulting, and demeaning statements to them by Defendants in front of other employees. This alleged conduct does not rely on

---

[3] Plaintiff Light's factual allegations do rely more heavily on Defendant activity that is arguably under the IHRA definition of "sexual harassment." However there are statements allegedly made by Defendants to Light the that plausibly constitute non-IHRA negligently supervised behavior. For example, Defendant's alleged insulting references to Light are not necessarily "conduct of a sexual nature." Further, "it does not matter that the conduct giving rise to the tort claim could also support an IHRA claim." *Jackson v. Local 705 Int'l Bhd. Of Teamsters,* No. 95-C-7510, 2002 WL 460841, at 14 (N.D.Ill. Mar. 26, 2002).

duties under the IHRA to be classified as extreme and outrageous. Plaintiffs have sufficiently pleaded the elements of IIED, and the conduct alleged is sufficient to support a tort of IIED independent of the IHRA.

## CONCLUSION

The IHRA does not furnish the exclusive legal duties upon which Plaintiffs' claims of negligent retention, negligent supervision, and IIED rely. Defendants' motions to dismiss for IHRA preemption are consequently DENIED.

**IT IS SO ORDERED.**

DATED: 11/10/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge